MARILÚ ORTIZ, demandante y recurrida, *v.* JUAN RAMÓN VEGA, demandado y recurrente.

*Número:* R-78-262      *Resuelto:* 10 de noviembre de 1978

*Rafael Quiñones Cruz,* abogado del recurrente; *Ismael Cuevas Velázquez,* abogado de la recurrida.

PER CURIAM: El 27 de agosto de 1975 dictó sentencia el Tribunal Superior, Sala de Bayamón (Hon. José F. Rodríguez Rivera, Juez), en que decretó el divorcio entre Marilú Ortiz y Juan Ramón Vega. La sentencia declaró con lugar una reconvención del marido demandado y basó el decreto de divorcio en la causal de trato cruel de parte de la esposa hacia el demandado reconvinista. Dispuso que el marido tendría la patria potestad y custodia de los hijos del matrimonio, un varón y una niña, que entonces contaban 4 y 2 años de edad,

respectivamente. Desde entonces los niños han vivido en compañía de su padre.

Más de un año después de dictada la sentencia aludida, la madre de los niños presentó moción en que reclamó su custodia. El único fundamento que para ello adujo en su moción fue la alegada ilegalidad o nulidad de la sentencia. Por resolución de 28 de enero de 1977 el tribunal de instancia, por voz del mismo juez que decretó el divorcio, desestimó el planteamiento sobre nulidad de sentencia. No obstante, dispuso que por la Oficina de Relaciones de Familia se hiciera una investigación sobre la conveniencia de los menores a los fines de resolver sobre el aspecto de su patria potestad y custodia. Se hizo la investigación, que tomó varios meses—se concedieron primero 60 días para ello, y luego una prórroga por 60 días adicionales—y finalmente se rindió un informe en que se recomendó que los niños permanezcan con el padre. No obstante, el tribunal de instancia, esta vez por voz de otro juez (la Hon. Zulma Zayas Puig), dispuso que los niños sean entregados a la madre, concediendo a ambos padres la patria potestad sobre ellos. El padre nos ha solicitado que revisemos dicha determinación.

▪ De ordinario nos abstenemos de alterar las determinaciones de un tribunal de instancia en asuntos sobre relaciones de familia, en que reconocemos una amplia discreción al juez. La totalidad de las circunstancias presentes en este caso nos mueve a apartarnos de dicha norma de abstención y resolver como intimamos en resolución de 21 de septiembre de 1978, en que requerimos de la recurrida mostrar causa por la cual no debamos dejar vigente lo dispuesto por la sentencia de divorcio de 27 de agosto de 1975. Por única respuesta la recurrida nos pide que paralicemos los procedimientos y le concedamos oportunidad de ofrecer prueba adicional ante el tribunal de instancia.

Las determinaciones de hechos de la sala de instancia, que respetamos, revelan que tanto la madre como el padre de los niños trabajan fuera del hogar. Ella es soltera, está empleada en una empresa en que realiza trabajos en diplomas y laminado, y además realiza cobros. Reside sola en un condominio. Sus padres residen cerca y estarían dispuestos a cuidar de sus nietos. El recurrente trabaja en Cataño en una fábrica, en turno de 3:00 de la tarde a 11:30 de la noche. Está casado y reside en un barrio de Guaynabo. Su señora madre le ayuda a cuidar de los niños, particularmente la nena, que es enfermiza. Tanto la madre como el padre de los niños "demuestran querer a sus hijos." El alegó infidelidad de su ex esposa como la verdadera causal de su divorcio de ella, lo que no probó por no haberse admitido por el tribunal determinadas cartas que él ofreció. Alega además que ella abandonó a los niños en casa de la madre de él y durante más de un año no los procuró.

De las determinaciones de hechos del tribunal de instancia no se desprende que los niños hayan estado mal atendidos, o que su bienestar físico y mental se haya afectado o se haya de afectar si permanecen como hasta ahora bajo la custodia del padre. El razonamiento que parece ha tenido mayor peso para justificar la resolución recurrida es, según se concluyó como cuestión de Derecho, que el ambiente de cariño, afecto y comprensión que pueda rodear a los niños es de importancia esencial para su bienestar y desarrollo, y que "[la] madre está en una posición superior y preeminente para suministrar ese cariño y ese cuidado afectuoso." Esta conclusión no es necesariamente así frente a los hechos de este caso. Es particularmente importante, además, que si desde sus años más tiernos y hasta aquí los niños han estado bien con su padre, un cambio de custodia podría resultar en estos momentos perjudicial para la estabilidad síquica y emocional de los niños. *Cf.* opinión disidente del Juez Asociado Señor Cadi-

lla Ginorio en *Rosell* v. *Meléndez*, 101 D.P.R. 329, 349 (1973). Tendrían que cambiar de escuela, de ambiente, de compañeros de juego, y someterse a nuevos cuidados a los que no están habituados. Cabe recordar que de hecho serán los abuelos maternos y no la madre quienes les tendrían consigo la mayor parte del tiempo, dada la circunstancia de que ella trabaja fuera de la casa en que vive sola.

*Se expedirá el auto, se dejará sin efecto la resolución dictada por el tribunal recurrido el 9 de junio de 1978, y se mantendrá lo dispuesto en la sentencia de divorcio respecto a la patria potestad y custodia de los niños, sin perjuicio de que la madre los visite y los tenga con ella bajo los términos y condiciones establecidos por el juez que dictó dicha sentencia contenidos en su resolución de 28 de enero de 1977.*

El Juez Asociado Señor Dávila no intervino. El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.