EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Shaila Muñoz Sánchez<br><br>Peticionaria<br><br>v.<br><br>Samuel Báez de Jesús<br><br>Recurrido | 2016 TSPR 112<br><br>195 DPR ____ |

Número del Caso: AC-2016-11

Fecha: 26 de mayo de 2016

Tribunal de Apelaciones:

      Región Judicial de Bayamón, Panel VII

Abogada de la Peticionaria:

      Lcda. Ruth Pizarro Rodríguez

Abogada del Recurrido:

      Lcda. María E. Juarbe i Botella

Materia: Derecho de familia: trámite procesal diligente que debe seguirse en el Tribunal de Primera Instancia ante una solicitud de traslado de una menor a otra jurisdicción.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Shaila Muñoz Sánchez<br><br>Peticionaria<br><br>v.<br><br>Samuel Báez de Jesús<br><br>Recurrido | **Núm.** AC-2016-0011 | |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 26 de mayo de 2016.

En esta ocasión, nos corresponde evaluar el trámite procesal de una solicitud de traslado de una menor al estado de Tennessee presentada por la madre de ésta en el año 2015 y que, al día de hoy, permanece irresoluta.

I

La Sra. Shaila Muñoz Sánchez procreó a una niña con el Sr. Samuel Báez de Jesús. Las partes nunca contrajeron nupcias ni convivieron como pareja consensual. Asimismo, la menor de edad siempre ha vivido con la señora Muñoz Sánchez en la casa de los padres de ésta. El señor Báez de Jesús, por su parte, paga una pensión alimentaria a favor de la menor de $100.00 mensuales. La señora Muñoz Sánchez ha asumido todas las responsabilidades relacionadas con la salud y la educación de la menor.

En el 2012, la señora Muñoz Sánchez acudió al tribunal para establecer las relaciones paterno filiales de la menor con el señor Báez de Jesús. Esto, luego de que, en el 2012,

solicitara una orden de protección en contra de éste por una agresión física que sufrió en una ocasión en la que debía hacer entrega de la menor. Las partes fueron referidas a la Unidad de Trabajo Social y, en el 2013, se inició un estudio social que resultó en la presentación de un informe. En este último, se determinó que el señor Báez carecía de un lugar en donde pudiese acomodar a la menor durante las visitas y en el que ésta pudiese pernoctar. Posteriormente, en febrero de 2014, la señora Muñoz Sánchez solicitó la paralización de las relaciones paterno filiales luego de que la menor demostrara resistencia a relacionarse con su padre. Concedida la paralización, la trabajadora social asignada al caso recomendó que el asunto fuese referido a una sicóloga.

A través de las gestiones de la sicóloga seleccionada por las partes, se restablecieron las relaciones paterno filiales. No obstante, éstas se limitaron a visitas por parte del señor Báez a la menor los sábados y domingos alternos de 10:00 a.m. a 5:00 p.m. Así las cosas, reanudadas las relaciones entre la menor y su padre, la señora Muñoz Sánchez recibió una atractiva oferta de empleo en el estado de Tennessee. La aceptación de tal oferta conllevaba un proceso de relocalización, búsqueda de vivienda, transportación y educación para la menor y su hermano mayor, quien no es hijo del señor Báez y cuyo padre no se opuso al traslado. Aceptada la oferta de empleo, el 30 de julio de 2015, la señora Muñoz Sánchez solicitó al

Tribunal de Primera Instancia que permitiera la salida de la menor al estado de Tennessee. En su solicitud, incluyó información relacionada con la oferta de empleo, datos de vivienda, educación y todos los servicios que la menor recibiría como consecuencia del traslado. Además, presentó una oferta de relaciones paterno filiales para la aprobación del foro primario.

El 4 de agosto de 2015, el foro de instancia dictó una orden prohibiendo el traslado de la menor al estado de Tennessee. Asimismo, refirió el asunto a una trabajadora social para que ampliara el estudio de fijación de relaciones paterno filiares y auscultara el sentir de la menor con relación al traslado. Para realizar este trámite, concedió a la trabajadora social un término de diez (10) días. El 14 de agosto de 2015, la trabajadora social a quien le fue asignado el caso informó al tribunal que requería sesenta (60) días laborables para completar su informe conforme al *Manual de normas y procedimientos de las unidades sociales de relaciones de familia y asuntos de menores*.

De otra parte, el 17 de agosto de 2015, el señor Báez de Jesús presentó su oposición al traslado de la menor. El foro primario, por su parte, dictó una orden el 20 de agosto de 2015, mediante la cual señaló una vista para el 8 de octubre de 2015, en la que se discutirían los planteamientos de las partes. Además, reiteró la prohibición de salida de la menor hasta que emitiera la

determinación correspondiente. Previo a la celebración de la vista, el 9 de septiembre de 2015, la señora Muñoz Sánchez presentó una moción informativa por vía de la cual notificó su salida de la jurisdicción y esbozó nuevamente sus argumentos sobre la procedencia del traslado de la menor al estado de Tennessee. El 11 de septiembre de 2015, el señor Báez de Jesús presentó una moción, indicando que recogería a la menor de casa de sus abuelos maternos y la retendría hasta que el tribunal dispusiera lo contrario.

El 14 de septiembre de 2015, la señora Muñoz Sánchez compareció ante el foro primario mediante *Moción de extrema urgencia y auxilio del tribunal de solicitud de remedio de entrega de menor a abuelos maternos por negligencia educativa*. En ésta, le informó al tribunal que el señor Báez se negaba a llevar a la menor a la escuela, no le contestaba las llamadas y la utilizaba como ficha de negociación para que se le redujera la pensión alimentaria. Al día siguiente, la señora Muñoz Sánchez se comunicó con la escuela de la menor, en donde le informaron que, una vez más, ésta no se había reportado. Luego de recibir una llamada de la menor en la que ésta le pidió que la fuera a buscar, la señora Muñoz Sánchez decidió viajar ese mismo día a Puerto Rico para recogerla de la casa del señor Báez de Jesús.

Luego de varios incidentes, incluyendo la intervención de la Policía estatal y el Departamento de Familia con el señor Báez de Jesús, la menor fue entregada a su madre. El

21 de septiembre de 2015, la sicóloga del caso, luego de entrevistar a la menor, presentó una carta-moción al tribunal refiriendo el asunto a una trabajadora social con indicación expresa de prohibición de relaciones paterno filiales hasta que el tribunal tomara su determinación. El tribunal de instancia, por su parte, autorizó la designación de una trabajadora social para que realizara un informe con recomendaciones finales.

El 21 de septiembre de 2015, se celebró una vista ante el foro primario en la que las partes expusieron sus respectivas posiciones en torno al traslado de la menor. Ese mismo día, en horas de la tarde, los abuelos maternos de la menor fueron entrevistados por la trabajadora social, quien sometió una moción urgente al día siguiente. En ésta, recomendó que se establecieran relaciones paterno filiales sin pernoctar los sábados y domingos alternos de 10:00 a.m. a 5:00 p.m. El 29 de septiembre de 2015, el Tribunal de Primera Instancia dictó una resolución mediante la cual acogió la recomendación de la trabajadora social en torno a la relaciones paterno filiales y dispuso que la señora Muñoz Sánchez continuaría teniendo la custodia de la menor provisionalmente mientras se encontrara en Puerto Rico. Además dispuso que, si la madre salía de la jurisdicción, la custodia correspondería a los abuelos maternos.

El 8 de octubre de 2015, día para el cual estaba pautada la vista para discutir el traslado de la menor, el foro primario le informó a las partes que esperaría el

resultado del informe social interagencial para tomar su determinación. Inconforme, la señora Muñoz Sánchez presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, acompañado por una moción en auxilio de jurisdicción. Solicitó que se revocara la determinación de custodia provisional, puesto que la misma implicaba que se le había revocado la custodia permanente sobre la menor. Solicitó, además, que se autorizara la salida provisional de la menor, aduciendo que ésta se encontraba subsumida en un estado de tristeza e incertidumbre al no poder trasladarse a Tennessee con su madre.

El 1 de diciembre de 2015, el Tribunal de Apelaciones confirmó la orden de custodia provisional del Tribunal de Primera Instancia. Fundamentó su curso de acción en la deferencia debida a la Unidad Social de las Salas de Familia y Menores y al informe final que se rendiría con relación al caso. Por tanto, ordenó la celebración de una vista en un término de diez (10) días para que se presentara el informe y se hiciera una recomendación relacionada con la custodia de la menor. Según informa la señora Muñoz Sánchez, la vista nunca se celebró y el informe complementario fue finalmente presentado el 13 de enero de 2016. No obstante, la Unidad Social indicó que no había recibido el informe complementario y que correspondía revaluar a las partes para preparar un nuevo informe final.

El 8 de febrero de 2016, la señora Muñoz Sánchez presentó ante este Tribunal un recurso de apelación

acompañado por una *Moción urgente en auxilio de jurisdicción solicitando se autorice la salida de la menor a la ciudad de Nashville TN*. El 4 de marzo de 2016, emitimos una resolución mediante la cual autorizamos la salida de la menor al estado de Tennessee del 18 al 27 de marzo de 2016.

En lo que respecta al recurso presentado, acogido como un *certiorari*, ordenamos a las partes a comparecer y mostrar causa por la cual no debíamos expedir una orden al Tribunal de Primera Instancia para que, en un término de cinco (5) días, requiriera a la trabajadora social de la Unidad Social de las Salas de Familia y Menores presentar el informe completo. Una vez el foro primario recibiera el informe, ordenaríamos la celebración de una vista, también en un término de cinco (5) días, para atender en los méritos la solicitud de traslado presentada por la señora Muñoz Sánchez. En cumplimiento con nuestra orden, el 11 de marzo de 2016, el señor Báez de Jesús presentó una *Comparecencia especial en cumplimiento de orden*. Mediante ésta, informó que no tenía recursos económicos para litigar los asuntos planteados, por lo que se allanaría a las determinaciones que hiciera este Tribunal conforme a derecho.

## II

En incontables ocasiones hemos resuelto que, al momento de hacer una determinación de custodia, los tribunales han de regirse por el bienestar y los mejores

intereses del menor. *Véase Rexach v. Ramírez*, 162 D.P.R. 130, 147-148 (2004); *Maldonado v. Burris*, 154 D.P.R. 161, 164 (2001); *Depto. de la Familia v. Soto*, 147 D.P.R. 618 (1999); *Ex parte Torres*, 118 D.P.R. 469 (1987); *Nudelman v. Ferrer Bolívar*, 107 D.P.R. 495 (1978); *Ortiz v. Vega*, 107 D.P.R. 831 (1978); *Marrero Reyes v. García Ramírez*, 105 D.P.R. 90 (1976). Ello, porque los tribunales están llamados a ejercer su poder inherente, en la función de *parens patriae* del Estado, de velar por el mejor bienestar de los menores. *Pena v. Pena*, 152 D.P.R. 820, 832-33 (2000). De esta manera, en la eventualidad en que un tribunal perciba un conflicto entre intereses ajenos y el mejor interés de un menor, se debe resolver a favor de este último. *Ortiz v. Meléndez*, 164 D.P.R. 16, 28 (2005).

Consistentemente hemos dictaminado que, al hacer una determinación sobre la custodia de un menor, deben examinarse factores tales como la preferencia del menor, su sexo, su edad, salud mental y física; el cariño que las partes podrían brindarle; la habilidad de las partes para satisfacer debidamente las necesidades afectivas, morales y económicas del menor; el grado de ajuste de éste al hogar, la escuela y la comunidad en que vive; su interrelación con las partes, sus hermanos y otros miembros de la familia; y la salud psíquica de todas las partes, entre otros. *Marrero Reyes,* 105 D.P.R. en la pág. 105. Estos factores, a su vez, "[h]ay que sopesarlos todos para juzgar de qué lado se inclina la balanza y al menos aproximarse al logro de la

solución más justa en asunto de tan extrema dificultad". *Id.* en la pág. 106. Así, una determinación de custodia constituye un ejercicio ponderado de discreción judicial que siempre debe redundar en el mejor bienestar del menor.

Conforme a las prerrogativas que derivan del poder de *parens patriae* del Estado, un tribunal puede ordenar la comparecencia de todas las personas que puedan ayudar a determinar la mejor manera de proteger el bienestar del menor. Esta responsabilidad incluye, a su vez, la potestad de ordenar las investigaciones de índole social que el tribunal entienda procedentes. Véase *Pena v. Pena*, 152 D.P.R. 820 (2000). A esos efectos, las Unidades Sociales de Relaciones de Familia y Asuntos de Menores tienen como función principal ofrecer al juzgador asesoramiento social mediante evaluaciones periciales que permitan tomar decisiones informadas en los casos ante su consideración. Véase Oficina de Administración de los Tribunales, Circular Núm. 6 del 6 de agosto de 2013, en la pág. 1.

De otra parte, el *Manual de normas y procedimientos de las unidades sociales de relaciones de familia y asuntos de menores* (Manual) detalla el proceso a seguir en casos en que se requiera una evaluación pericial por parte de un trabajador social. En cuanto a las responsabilidades de los trabajadores sociales, el Manual establece que éstos deberán, cuando les sea requerido por un tribunal, preparar un *Informe social forense*. Una vez completado tal informe, el trabajador social deberá entregar el expediente social

completo al Técnico o Auxiliar de Sistemas de Oficina de la *Unidad Social de Relaciones de Familia y Asuntos de Menores* no más tarde de treinta (30) días calendario. El técnico o auxiliar, por su parte, remitirá el expediente a la secretaría del tribunal para que el juez examine el informe social y emita las órdenes que estime pertinentes. Véase Oficina de Administración de Tribunales, *Normas y procedimientos de las unidades sociales de relaciones de familia y asuntos de menores* 25-30 (Agosto, 2013).

## III

El dilatado trámite procesal de este caso devela una inobservancia reprobable de un procedimiento que tiene como norte brindar certeza y estabilidad al entorno familiar de un menor de edad. Según se desprende del expediente, la señora Muñoz Sánchez realizó diligentemente todos los trámites conducentes a concretar el traslado de la menor al estado de Tennessee. No obstante, sus esfuerzos se vieron obstaculizados por dilaciones inaceptables en el proceso de preparar el informe social correspondiente y tomar una determinación fundamentada en el mejor bienestar de la menor. Como anticipamos, al día de hoy, el informe no ha sido presentado ante el tribunal y el futuro de la menor se encuentra en un estado de incertidumbre incompatible con los mejores intereses que, en el ejercicio de nuestra función de *parens patriae*, estamos llamados a proteger.

En vista de lo anterior, se expide el auto solicitado, acogido como un *certiorari*, y se ordena al

Tribunal de Primera Instancia que, en un término de cinco (5) días, requiera la entrega, por parte de la trabajadora social de la Unidad Social de las Salas de Familia y Menores del informe completo con las recomendaciones finales para el caso.

Una vez el foro primario reciba el referido informe, ordenamos la celebración de una vista, también en un término de cinco (5) días para atender, en los méritos, la solicitud de traslado permanente presentada por la señora Muñoz Sánchez. Celebrada la vista, el Tribunal de Primera Instancia deberá adjudicar, en un término no mayor de diez (10) días, la solicitud de traslado presentada por la señora Muñoz Sánchez.

Se dictará sentencia de conformidad.


                                    Anabelle Rodríguez Rodríguez
                                          Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Shaila Muñoz Sánchez

    Peticionaria

       v.                    **Núm.** AC-2016-0011

Samuel Báez de Jesús

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de mayo de 2016

Por los fundamentos expuestos en la Opinión que antecede, se expide el auto solicitado, acogido como un *certiorari*, y se ordena al Tribunal de Primera Instancia que, en un término de cinco (5) días, requiera la entrega, por parte de la trabajadora social de la Unidad Social de las Salas de Familia y Menores del informe completo con las recomendaciones finales para el caso.

Una vez el foro primario reciba el referido informe, ordenamos la celebración de una vista, también en un término de cinco (5) días para atender, en los méritos, la solicitud de traslado permanente presentada por la señora Muñoz Sánchez. Celebrada la vista, el Tribunal de Primera Instancia deberá adjudicar, en un término no mayor de diez (10) días, la solicitud de traslado presentada por la señora Muñoz Sánchez.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo