| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>Panel X | | |
| SEAN B. JIMÉNEZ CADILLA<br>Apelado<br><br>v.<br><br>ANDREA MERCEDES DE LOS MILAGROS OLIVERAS VÁZQUEZ<br>Apelante | KLAN202200985 | *Apelación*<br>procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm.<br>GB2022RF00089<br><br><br>Sobre:<br>(Divorcio) Alimentos |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece la señora Andrea de las Mercedes Oliveras Vázquez-Bruno (apelante o señora Oliveras Vázquez-Bruno), mediante recurso de apelación, solicitando la revisión de una *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 1 de noviembre de 2022. Mediante su dictamen, el foro primario impartió su aprobación al informe rendido por el Examinador de Pensiones Alimentarias (EPA), Lcdo. Edwin Franqui González y, en consecuencia, aprobó la estipulación de las partes en cuanto a la pensión alimentaria en beneficio de su hijo menor de edad.

Nos corresponde dilucidar si al dictar la *Resolución* apelada, el foro primario erró al no precisar que el señor Sean B. Jiménez Cadilla (apelado o señor Jiménez Cadilla) asumió capacidad económica para sufragar la pensión alimentaria.

NÚMERO IDENTIFICADOR

SEN2023_____

Por los fundamentos que expresaremos a continuación, procede confirmar la *Resolución* apelada.

## I. Resumen del tracto procesal

El 12 de octubre de 2022, el apelado presentó *Demanda* por Divorcio y Custodia Monoparental contra la señora Oliveras Vázquez-Bruno. En esencia, el señor Jiménez Cadilla solicitó que el TPI disolviera el vínculo matrimonial por ruptura irreparable y le concediera la custodia del menor SMJO.

Así las cosas, el 13 de octubre de 2023, el TPI emitió *Notificación Citación para Vista*, en dónde requirió la comparecencia de las partes ante el EPA para el 28 de octubre de 2022.

Según pautado, se celebró la vista sobre revisión de pensión alimentaria ante el EPA. Consta en la transcripción de dicha vista que el apelado asumió la capacidad económica con relación a los gastos que estaban en la Planilla de Información Personal y Económica presentada por la apelante.[1] Asimismo, en la vista se estableció que los gastos médicos del menor se harían por medio de reembolso del cien porciento, conforme a la evidencia que se le presente al señor Jiménez Cadilla.[2] En cuanto a los pagos de educación, se dispuso que el apelado los pagaría directamente.[3] Más adelante, el EPA le mostró a la señora Oliveras Vázquez-Bruno y al señor Jiménez Cadilla una tabla que incluía los gastos del menor conforme se discutieron en la vista.[4] **Finalmente, a preguntas del EPA, tanto la apelada como el apelado acordaron la pensión alimentaria en beneficio del menor.**[5]

El 1 de noviembre de 2022, mediante *Acta*, el EPA le recomendó al TPI aprobar la estipulación final acordada por el señor Jiménez Cadilla y la señora Olivera Vázquez-Bruno.

---

[1] *Véase* Transcripción de la Vista de Pensión Alimenticia, pág. 8.
[2] *Íd.,* en la pág. 16.
[3] *Íd.,* en la pág. 22.
[4] *Íd.,* en la pág. 23.
[5] *Íd.,* en la pág. 36.

Ese mismo día, el TPI emitió *Resolución* aprobando la estipulación de las partes en corte abierta y bajo juramento. De la *Resolución* surge que las partes acordaron de manera final lo siguiente:

a) El Sr. Sean B. Jiménez Cadilla, pagará la cantidad de $121.61 semanales, más el pago directo de las mensualidades de cuido o educación y la matrícula, por concepto de pensión alimenticia, para beneficio de su hijo menor de edad: S.J.J.O., nacido el 25 de marzo de 2020.

b) La cantidad acordada será depositada en la cuenta 040454584 de Banco Popular de Puerto Rico, mediante transferencia electrónica (ATH Móvil), efectivo el 4 de noviembre de 2022. Cada parte deberá guardar evidencia de lo pagado y recibido.

c) El menor continuará beneficiándose del plan médico privado que le provee el señor Jiménez Cadilla, quien además reembolsará el 100% de los gastos médicos que no cubra el plan, así como los de regreso a la escuela de materiales, uniformes y libros. La señora Oliveras Vázquez tendrá 5 días para enviar la evidencia de los gastos y el señor Jiménez Cadilla tendrá 5 días para enviar el reembolso a partir del recibo de la prueba.

d) Se reconoce una deuda por concepto de retroactividad por la cantidad de $364.83 la cual será pagadera por el señor Jiménez Cadilla en 4 plazos semanales, a razón de $91.20 adicionales hasta su saldo.

Acto seguido, la apelante presentó *Moción para que se incluya en la Resolución de alimentos [23] que el alimentante asumió capacidad económica.* En lo pertinente, solicitó que se aclarara el récord para que estableciera que la pensión establecida no fue por estipulación. Argumentó que el señor Jiménez Cadilla asumió la capacidad económica, por lo cual, se prescindió de realizar un descubrimiento de prueba y de aplicar las guías. Asimismo, afirmó que no hubo objeción a los gastos reportados, pero ello no es equivalente a una estipulación. Finalmente, indicó que, conforme nuestro sistema de derecho, al alimentante asumir la capacidad económica, se compromete voluntariamente a pagar el 100% de los gastos del alimentista. Por lo cual, solicitó que se enmendara la *Resolución* de conformidad a la aceptación de capacidad económica.

Examinada la moción, el 2 de noviembre de 2022, el TPI refirió el asunto al EPA.

Inmediatamente, el EPA presentó una *Acta.* Allí, solicitó que el TPI declarara No HA Lugar la solicitud de reconsideración. En esencia, el EPA sostuvo que, tanto el *Acta* del examinador, como la *Resolución* del Tribunal recogían fielmente lo sucedido en la vista de alimentos celebrada el 28 de octubre de 2022. Arguyó que las partes acordaron establecer la pensión en la cantidad fijada en el dictamen judicial, luego de repasar el cálculo resultante de la evaluación de los gastos reclamados por la apelante y la capacidad económica asumida por el apelado. Añadió, que tanto la señora Oliveras Vázquez-Bruno, como el señor Jiménez Cadilla, expresaron en la vista su aprobación a la pensión calculada. Finalmente, señaló que los gastos extraordinarios que pudieran surgir y no fueron contemplados en la Planilla de Información Personal y Económica de la apelante, el señor Jiménez Cadilla deberá satisfacerlos en un 100% de acuerdo con la capacidad económica asumida, una vez ambos padres consientan los referidos gastos.

Luego de examinar el *Acta* presentada por el EPA, el 7 de noviembre de 2022,[6] el TPI emitió *Resolución* declarando No Ha Lugar la solicitud de reconsideración.

Inconforme, la señora Oliveras Vázquez-Bruno presentó el recurso de apelación ante nuestra consideración, planteando el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR Y NEGARSE A CONSIGNAR EN LA DETERMINACIÓN DE PENSIÓN ALIMENTARIA PERMANENTE QUE EL ALIMENTANTE ASUMIÓ CAPACIDAD.

El 3 de febrero de 2023, el señor Jiménez Cadilla presentó su *Oposición a Escrito de Apelación.*

---

[6] Notificada el 8 de noviembre de 2022.

Examinados los escritos de las partes, los anejos, así como la transcripción de la vista, la cual aprobamos mediante *Resolución* de 13 de diciembre de 2022, estamos en posición de resolver.

**II. Exposición de Derecho**

**A. Alimentos**

En nuestro ordenamiento jurídico los menores tienen un derecho fundamental a recibir alimentos. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 717 (2022); *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632 (2011). Este derecho es inherente al derecho fundamental a la vida, consagrado en la Carta de Derechos de nuestra Constitución. *Díaz Ramos v. Matta Irizarry,* 198 DPR 916, 923 (2017); *De León Ramos v. Navarro Acevedo,* 195 DPR 157, 169 (2016); *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 559-560 (2012); *Llorens Becerra v. Mora Monteserín,* 178 DPR 1003, 1016 (2010); *McConnell v. Palau,* 161 DPR 734, 745 (2004). **Los casos sobre alimentos de menores están revestidos del más alto interés público.** *Díaz Rodríguez v. García Neris,* supra, pág. 5; *Fonseca Zayas v. Rodríguez Meléndez,* ante, pág. 632; *Argüello v. Argüello,* 155 DPR 62, 70 (2001). (Énfasis suplido). Ello debido a que procurar el mejor interés y bienestar de los menores "constituye un pilar fundamental de nuestra sociedad y se ha reconocido como parte integral de la política pública del Gobierno de Puerto Rico." *De León Ramos v. Navarro Acevedo,* supra, pág. 169. De esta manera, en la eventualidad que se perciba un conflicto entre intereses ajenos y el mejor interés de un menor, se debe resolver a favor del menor. *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 651 (2016); *Ortiz v. Meléndez,* 164 DPR 16, 28 (2005).

La obligación general de proveer alimentos entre parientes se encuentra regulada por los Arts. 653 al 678 del Código Civil, 31 LPRA secs. 7531-7574, y por la Ley Núm. 5 de 30 de diciembre de 1986,

conocida como la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA sec. 501 *et s*eq. (Ley de ASUME). *Fonseca Zayas v. Rodríguez Meléndez*, ante, pág. 633.

Por su parte, el artículo 590 del Código Civil, 31 LPRA sec. 7242, establece que los progenitores tienen el deber de alimentar y proveerle lo necesario para el desarrollo y formación integral de sus hijos, sujetos a su patria potestad. Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia. Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales. Art. 653 del Código Civil, 31 LPRA 7531.

La política pública del Estado Libre Asociado de Puerto Rico es procurar "que los padres o las personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias." Art. 3 de la Ley de ASUME, 8 LPRA sec. 502; *De León Ramos v. Navarro Acevedo*, supra, pág. 171.

### B. Aceptación de Capacidad Económica

La obligación alimentaria está expresamente consignada en el Código Civil, no obstante, en aras de asegurar su cumplimiento, se promulgó la Ley de ASUME, *supra. De León Ramos v. Navarro Acevedo,* 195 DPR 157, 170 (2016). Consecuentemente, el Artículo 16 de la Ley de ASUME establece que, en los procedimientos relacionados con pensiones

alimentarias, el descubrimiento sobre la situación económica del alimentante y alimentista es compulsorio. 8 LPRA sec. 515.

A esos efectos, y en armonía con los postulados de la Ley de ASUME se promulgaron las *Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico (Guías)*, contenidas en la citada ley. *Franco Restro v. Rivera Aponte,* 187 DPR 137, 149 (2012). Con ellas, se pretende determinar la cuantía de las pensiones alimentarias de menores de edad, basadas en criterios numéricos y descriptivos que permitan el cómputo de la cuantía de la obligación alimentaria. *Íd.*

No obstante, hay casos particulares en los que el Tribunal Supremo de Puerto Rico ha reconocido la inaplicabilidad de las Guías para el cómputo de las pensiones alimentarias. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 719 (2022). Específicamente, el alimentante no tiene que descubrir prueba de su situación económica cuando **acepta su capacidad para pagar la totalidad de la pensión alimentaria que supla las necesidades del menor.** *Íd; Santiago, Maisonet v. Maisonet Correa,* supra, pág. 570; *Chévere Mouriño v. Levis Goldstein,* 150 DPR 525, 544 (2000). (Énfasis nuestro). En ese escenario, solo resta determinar la suma justa y razonable a ser impuesta como pensión. *Íd.* Por tal razón, la pensión alimentaria se fijará conforme con los preceptos del Código Civil de Puerto Rico de 2020 contenidos en los Arts. 590, 665 y 653, 31 LPRA secs. 7242, 7561 y 7653, tomando en consideración la condición económica y el estilo de vida del alimentante. *Íd.,* págs. 719-720. Ello, en unión a las necesidades de los alimentistas, incluyendo en estas el estilo de vida al cual estaban acostumbrados. *Íd; Santiago, Maisonet v. Maisonet Correo,* supra, en la pág. 566, citando a *Chévere Mouriño v. Levis Goldstein,* 152 DPR 492 (2000). Consecuentemente, **las necesidades razonables del alimentista serán las que la persona custodia pruebe**

**durante una vista evidenciaria**. *Santiago, Maisonet v. Maisonet Correo,* supra, pág. 572.

**III. Aplicación del Derecho a los hechos**

La apelante aduce que incidió el TPI al omitir y negarse a consignar en su *Resolución* que el apelado asumió la capacidad económica. Asevera que dicha omisión deja desprovisto al menor de poder reclamar en caso de que sea necesario, el pago de ciertos gastos que surjan durante los 3 años de vigencia de la pensión alimentaria. Por último, argumenta que las partes no estipularon la pensión alimentaria, sino que acataron el cómputo matemático realizado por el EPA para establecer las cuantías mensuales a pagar. No le asiste la razón, veamos.

Para atender los planteamientos formulados por la apelante conviene antes destacar dos asuntos. Primero, no existe controversia de que el señor Jiménez Cadilla en la vista de pensión alimentaria asumió la capacidad económica. Segundo, tampoco existe controversia de que, en la vista, el EPA, junto a las partes, discutieron uno por uno los gastos identificados en la Planilla de Información Personal y Económica de la apelante, y posteriormente, las partes afirmaron estar de acuerdo con la pensión alimentaria establecida.

Como plasmamos en la exposición del derecho, el alimentante **no** tiene que descubrir prueba de su situación económica cuando acepta su capacidad económica para pagar la **totalidad** de la pensión alimentaria que supla **las necesidades del menor.** *Díaz rodríguez v. García Neris,* supra. Cónsono con lo antes señalado, en la vista de pensión alimentaria celebrada el 28 de octubre de 2022, no hubo desfile de prueba. El apelado asumió la capacidad económica y se aceptaron como correctos los gastos informados por la señora Oliveras Vázquez-Bruno en la Planilla de Información Personal y Económica. Conforme lo cual, la apelante y el apelado acordaron la pensión alimentaria en beneficio del menor.

A la luz de lo anterior, la alegación de la apelante de que simplemente acataron el cómputo matemático realizado por el EPA es equivocada. De la transcripción de la vista, tal y como hemos señalado, surge que las partes discutieron uno a uno los gastos presentados por la apelante en su Planilla de Información Personal y Económica antes de acordar la pensión alimentaria.

En cuanto a los gastos extraordinarios que pudieran surgir en el futuro, y que no fueron contemplados en la cuantía correspondiente a la pensión alimentaria, nuestro Tribunal Supremo ha sido claro en establecer que una vez el alimentante admite capacidad económica, procede entonces que el alimentante pague el 100% de los gastos razonables de los menores. *Santiago Maisonet v. Maisonet Correa,* supra. Además, nuestro Código Civil establece que cuando el alimentista es menor de edad, **los alimentos comprenden también los gastos extraordinarios para la atención de sus condiciones personales especiales.** Artículo 653, 31 LPRA sec. 7531. (Énfasis nuestro). Por otra parte, "los acuerdos de alimentos no constituyen cosa juzgada y están sujetos a revisión". *Íd.,* en la pág. 722. Por ello, la pensión alimentaria –acordada por las partes y aceptada por el tribunal mediante estipulación– **puede ser alterada** cuando existe un cambio sustancial en las circunstancias que originaron el convenio. *Íd.* (Énfasis nuestro).

Por consiguiente, el error señalado por la apelante no se cometió. El procedimiento se condujo bajo el criterio de que el apelado asumió la capacidad económica, y así se estableció la pensión alimentaria. De manera que, no es necesario añadir expresión alguna en la *Resolución* emitida por el TPI.

En definitiva, no hemos identificado evidencia en contrario en el expediente que derrote la presunción de corrección y legalidad de la *Resolución* apelada. Este Tribunal no cuenta con los elementos para

descartar la apreciación razonada y fundamentada de la determinación del foro primario, acogiendo la recomendación del EPA.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, resolvemos confirmar la *Resolución* recurrida.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones