Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| EDIEL MONTALVO RAMOS, ISMAIVA RODRÍGUEZ MATEO<br><br>Peticionarios<br><br>Ex Parte<br><br><br>ISMAIVA RODRÍGUEZ MATEO<br><br>Peticionaria | KLCE202400838 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.: J DI2011-1101 (404)<br><br>Sobre: Divorcio |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante este tribunal apelativo la Sra. Ismaiva Rodríguez Mateo (señora Rodríguez Mateo o la peticionaria) mediante el recurso de *certiorari* del epígrafe solicitándonos que revoquemos la *Resolución y Orden* emitida el 29 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), notificada al día siguiente. Mediante este dictamen, el foro primario, entre otras determinaciones, concedió la custodia provisional del menor S.M.R. al Sr. Ediel Montalvo Ramos y, de igual manera, suspendió provisionalmente las relaciones maternofiliales. Además, el asunto fue referido a la unidad social de dicho foro judicial.

Por los fundamentos que expondremos a continuación, denegamos la expedición del recurso de *certiorari* solicitado.

### I.

En el caso de marras, las controversias sobre la custodia y las relaciones filiales comenzaron desde hace más de ocho (8) años cuando el Sr. Ediel Montalvo Ramos (señor Montalvo Ramos o el

recurrido) solicitó la custodia del menor S.M.R. Desde entonces, el TPI ha ejercido el poder de *parens patriae* buscando el mejor interés del menor para velar por su estabilidad emocional.

En lo pertinente al recurso de epígrafe, el 28 de mayo de 2024, el recurrido presentó una moción intitulada *Urgentísima Moción Informativa en Solicitud de Orden y Desacato* exponiendo unas series de eventos ocurridos entre el menor y la peticionaria que "han puesto en riesgo la vida, la seguridad e integridad física y mental" de éste.[1] Por lo cual, solicitó la suspensión inmediata de las relaciones maternofiliales. Al día siguiente, la peticionaria instó una moción en oposición y adujo que los incidentes relatados por el recurrido son falsos. Indicó, además, que en el presente caso hay un Informe Final de la Unidad Social que valida la alienación parental por parte del recurrido y que este anunció su impugnación, pero han pasado seis (6) meses sin anunciar el perito.[2]

El 29 de mayo de 2024, notificada el 30 de mayo siguiente, el TPI emitió el dictamen recurrido concediendo la custodia provisional del menor S.M.R. al señor Montalvo Ramos, suspendiendo las relaciones maternofiliales *provisionalmente* y refirió los asuntos a la Unidad de Relaciones de Familia.[3]

Inconforme con la determinación, la señora Rodríguez Mateo solicitó su reconsideración.[4] En apretada síntesis, adujo que lo resuelto prolonga la enajenación parental del padre contra la madre. El 4 de junio de 2024, notificado el 2 de julio siguiente, el petitorio se declaró *No Ha Lugar* "hasta tanto se presente Informe de la sicóloga del menor recomendando las relaciones maternofiliales."[5]

---

[1] Véase, Apéndice del Recurso, a las págs. 16-20.
[2] *Íd.*, a las págs. 43-46.
[3] *Íd.*, a la pág. 6.
[4] *Íd.*, a las págs. 7-10.
[5] *Íd.*, a la pág. 3.

Todavía en desacuerdo, la peticionaria acude ante este foro intermedio mediante el recurso de epígrafe imputándole al foro de primera instancia haber incurrido en los siguientes errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PRIVAR A LA MADRE DE RELACIONARSE CON EL MENOR SIN ESCUCHARLA, SIN ENTREVISTAR AL MENOR, SIN DARLE OPORTUNIDAD DE DEFENDERSE, VIOLÁNDOLE EL DEBIDO PROCESO DE LEY.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PRIVAR A LA MADRE DE RELACIONARSE CON EL MENOR SIN ESCUCHARLA VIOLANDO SU DERECHO AL DEBIDO PROCESO DE LEY Y ENTREGANDO LA CUSTODIA ABSOLUTA AL PADRE DEL MENOR SIN TOMAR EN CONSIDERACIÓN EL INFORME SOCIAL QUE FUNDAMENTA ALIENACIÓN PARENTAL POR PARTE DEL PADRE CONTRA EL MENOR.

Examinado el recurso presentado, y al tenor de la determinación arribada, determinamos prescindir del escrito en oposición, según nos faculta la Regla 7(B)(5) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7(B)(5).

Así, analizados el expediente apelativo y estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias

reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no

intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por último, apuntalamos que en las controversias que versan sobre la custodia de los menores, por virtud del poder de *parens patriae*, los tribunales estamos llamados a regirnos por el bienestar y los mejores intereses del menor. *Muñoz Sánchez v. Báez de Jesús*, 195 DPR 645, 651 (2016).

**III.**

En el presente caso, si bien el asunto planteado es uno de los contemplados en la Regla 52.1, *supra*, analizado al palio de la Regla 40, *supra*, resolvemos que no se encuentran presente ninguno de estos. Así pues, de la lectura del recurso no surge razón alguna por la cual debamos de intervenir con la *Resolución y Orden* recurrida.

Destacamos que la propia señora Rodríguez Mateo indicó que el menor tuvo un intento de suicidio en su casa el día antes de que el recurrido presentara la moción urgente. Además, entre los incidentes que narró el señor Montalvo Ramos en su moción, apuntaló que el menor llamó al Sistema de Emergencias 9-1-1 y al llegar la Policía se realizó un referido al Departamento de la Familia que está pendiente.

Reiteramos que en los casos sobre custodia los tribunales tienen el poder inherente, en su función de *parens patriae*, de velar

por el mejor bienestar de los menores. Asimismo, en estos casos, el criterio decisivo no es el derecho de los padres a relacionarse con el menor, sino el mejor bienestar de este.[6]

De otro lado, precisa señalar que los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141-142 (1996).

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[6] Véase, *Maldonado Mir vs. Burris*, 154 DPR 161 (2001).