Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **WILSON FIGUEROA OQUENDO**<br><br>Peticionario<br><br>v.<br><br>**NATALIE GISEL VEGA TORRES**<br><br>Recurrida | **TA2025CE00019** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>**PO2023RF01095**<br><br>Sobre:<br>**DIVORCIO** |

Panel integrado por su presidenta la Jueza Laura I. Ortiz Flores[1], el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCION

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece ante nos, Wilson Figueroa Oquendo, en adelante, Figueroa Oquendo o peticionario, solicitando que revoquemos *la "Minuta/Resolución"* del Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante, TPI-Ponce, notificada el 5 de junio de 2025. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de paralización de relaciones maternofiliales entre Natalie Vega Torres, en adelante, Vega Torres o recurrida, y los hijos de esta y el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso solicitado.

### I.

El 5 de diciembre de 2023, Figueroa Oquendo presentó una *"Petición"* de divorcio por la causal de ruptura irreparable contra Vega Torres, ante el TPI-Ponce.[2] Además del divorcio, solicitó la

---

[1] Véase Orden Administrativa OATA-2025-117 del 23 de junio de 2025, donde se designa a la Jueza Laura I. Ortiz Flores, en sustitución de la Juez Ivelisse M. Domínguez Irizarry.
[2] SUMAC, Entrada Núm. 1.

custodia monoparental de los hijos menores de edad procreados en el matrimonio, SGD y SFV.

El 15 de febrero de 2024, la recurrida presentó su *"Contestación a la Petición",* mediante la cual, por su parte, solicitó la custodia de los menores para sí.[3] Por estar en servicio activo del Ejercito de los Estados Unidos de América, le solicitó al Foro Primario el traslado de los menores al lugar donde estaba destacada, en el estado de Virginia.

Entre las partes surgieron varias controversias relevantes a SGD y SFV. Por ello, el TPI-Ponce refirió el caso de estos a la Oficina de Relaciones de Familia.[4] Además, mediante *"Sentencia"* del 17 de mayo de 2024, declaró "Ha Lugar" el divorcio entre las partes.[5]

Luego de varias incidencias que no requieren ser detalladas, el Foro Recurrido suspendió temporalmente las relaciones paternofiliales y prohibió la salida de los menores fuera de Puerto Rico, para relacionarse con la recurrida. Por lo pronto, otorgó la custodia provisional de los menores a la abuela materna.

Así las cosas, el 23 de mayo de 2025, el Foro Primario celebró una vista.[6] En esta, el Departamento de la Familia presentó sus hallazgos en la investigación que realizó sobre las partes en el caso de autos. Además, *recomendó que se le devolviera al peticionario la custodia de los menores*, y que las relaciones con la recurrida se continuaran mediante llamadas o video llamadas, y que cuando esta esté en Puerto Rico, se pueda relacionar con los SGD y SFV. La representación legal del peticionario se opuso a las relaciones maternofiliales, planteando una situación de *enajenación parental* por parte de Vega Torres. Sin embargo, el Foro Primario resolvió mediante la *"Minuta/Resolución"* recurrida,

---

[3] SUMAC, Entrada Núm. 9.
[4] SUMAC, Entrada Núm. 39.
[5] SUMAC, Entrada Núm. 39.
[6] SUMAC, Entrada Núm. 153.

que la custodia de los menores en cuestión sería devuelta al peticionario, y reinstaló las relaciones maternofiliales.[7]

Inconforme, Figueroa Oquendo presentó un recurso de "Certiorari" ante nos el 22 de junio de 2025, en el que hizo el siguiente señalamiento de error:

> **PRIMER ERROR:** ERRO EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL DECLARAR NO HA LUGAR LA SOLICITUD DE PARALIZACION DE RELACIONES MATERNO-FILIALES CUANDO ES EVIDENTE QUE LAS IMPUTACIONES FALSAS REALIZADAS SOBRE CONDUCTA SEXUALIZADA HAN PROVENIDO DE LA PETICIONARIA CON EL OBJETIVO DE RETENER LA CUSTODIA DE SUS HIJOS LO QUE CONSTITUYE ENAJENACION PARENTAL Y CONSTITUYE MALTRATO HACIA LOS MENORES, POR LO QUE EL TRIBUNAL FALLO EN LA APRECIACION DE LA PRUEBA.

Junto al recurso de epígrafe, Figueroa Oquendo presentó una *"Moción en Auxilio de Jurisdicción".* En su solicitud, plantean que este Foro debe suspender las relaciones maternofiliales entre Vega Torres y los menores de edad. Analizado el recurso presentado, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. V. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia,

---

[7] SUMAC, Entrada Núm. 153.

la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá

considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.
>
> *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio et. al*, 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. V. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que, la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

### B. Custodia

Los padres ostentan el derecho y la responsabilidad de rango constitucional de velar por el cuido, custodia y control de sus hijos. *James Soto v. Montes James,* 213 DPR 718, 759 (2024); *Rentas Nieves v. Betancourt Figueroa,* 201 DPR 416, 428 (2018); *Estrella, Monge v. Figueroa Guerra,* 170 DPR 644, 662 (2007); *Rivera v. Morales,* 167 DPR 280, 290 (2006). Como entendido general, el lugar para crecer más idóneo para un niño es en el hogar de sus padres. *Pérez, Ex parte v. Depto. de la Familia,* 147 DPR 556, 563 (1999); *Pueblo en interés de los menores R.P.S., et al.,* 134 DPR 123, 134 (1993).

La custodia es la tenencia o control físico que tiene un progenitor sobre sus hijos. *Jusino González v. Norat Santiago,* 212 DPR 855, 863 (2023). En Puerto Rico, las determinaciones sobre custodia deben guiarse por el bienestar y los mejores intereses del menor. Id.; *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 651 (2016); *Torres, Ex Parte,* 118 DPR 469, 476 (1987).

Por tal razón, un tribunal que dilucida custodia tiene autoridad para citar a todas aquellas personas que, según su criterio, puedan ayudarle a tomar la mejor decisión, en pos del interés óptimo del menor. *Peña v. Peña,* 164 DPR 949, 959 (2005). También, puede ordenar aquellas investigaciones de índole social o evaluaciones psicológicas o psiquiátricas que estime convenientes. *Jusino Gonzalez v. Norat Santiago,* supra, pág. 865; *Rentas Nieves v. Betancourt Figueroa,* supra, pág. 430; *Muñoz Sánchez v. Báez de Jesús,* supra, pág. 652.

En virtud de lo anterior, la Unidad Social de Relaciones de Familia tiene la responsabilidad de ofrecerle al juzgador asesoramiento mediante evaluaciones que le permitan, en el ejercicio de sus funciones, tomar decisiones fundadas en los casos

a su consideración. *Jusino Gonzalez v. Norat Santiago,* supra, pág. 865; *Muñoz Sánchez v. Báez de Jesús,* supra, pág. 652.

**III.**

El peticionario recurre ante nos planteando como *único error* la determinación del TPI-Ponce de permitir las relaciones maternofiliales entre los menores de edad y Vega Torres. Sin embargo, *denegamos expedir el recurso.*

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso como este, nos vemos impedidos de expedir el mismo. Además, lo cierto es que no hemos identificado perjuicio, parcialidad o abuso de discreción en la determinación del TPI-Ponce.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

**IV.**

Por los fundamentos que anteceden, *declaramos "No Ha Lugar" la "Moción en Auxilio de Jurisdicción" del peticionario y denegamos expedir el recurso de autos.*

**Notifíquese inmediatamente a las partes.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones