Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| NELSON DE JESÚS MORALES VELÁZQUEZ<br><br>Recurrida<br><br>v.<br><br>MELANIE MÉNDEZ RAMOS<br><br>Peticionaria | KLCE202301150 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Sobre: Custodia Compartida<br><br>Caso Número: GR2022RF00040 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

La parte peticionaria, Melanie Méndez Ramos, comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Caguas, el 18 de septiembre de 2023. Mediante el referido dictamen, el foro primario acogió la recomendación de la Unidad de Trabajo Social, y no permitió la producción de documentos solicitada por la peticionaria. Ello, dentro de una acción sobre custodia promovida por el recurrido, Nelson De Jesús Morales Velázquez.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la resolución recurrida.

**I**

Surge del expediente que, el 8 de junio de 2022, el señor Morales Velázquez presentó una *Demanda pro se* en contra de la peticionaria, en la cual solicitó la custodia compartida de su hijo. Para entonces, el menor tenía dos (2) años.

Evaluado el petitorio, el 15 de diciembre de 2022, el foro primario celebró una *Vista* en la que comparecieron ambos

progenitores por derecho propio. En la misma, el señor Morales Velázquez desistió de su solicitud de custodia compartida. No obstante, los progenitores acordaron que el menor estaría con su padre durante fines de semana alternos de viernes a las 10:00 a.m. hasta domingo a las 9:00 p.m. A su vez, estuvieron de acuerdo con que el recurrido compartiera con su hijo todos los martes y jueves de 10:00 a.m. a 8:00 p.m. Además, se establecieron otros acuerdos referentes a ocasiones especiales y días festivos. Por otra parte, se le impuso al señor Morales Velázquez una pensión alimenticia provisional de ochenta dólares ($80.00) semanales.[1] Ese mismo día, el tribunal de instancia emitió una *Sentencia*, notificada el 22 de diciembre de 2022, en la cual se detalló lo acordado.

El 22 de diciembre de 2022, la Juzgadora ordenó a la Unidad de Trabajo Social a realizar un estudio sobre custodia compartida y relaciones filiales, y a presentar el informe social pertinente en el término de sesenta (60) días.

Presentado el Informe Social, el 5 de junio de 2023, el foro primario emitió una *Orden* en la que le concedió veinte (20) días a las partes para que manifestaran si estaban de acuerdo con las recomendaciones emitidas en el mismo.

En cumplimiento con los ordenado, el 25 de junio de 2023, la señora Méndez Ramos presentó una *Moción* en la que planteó que el Informe preparado por la Unidad Social no tomó en cuenta el historial de violencia doméstica del señor Morales Velázquez. En apoyo a lo anterior, la peticionaria informó que el tribunal había declarado con lugar una orden de protección en contra del recurrido por un término de cinco (5) meses, la cual estaría vigente hasta el 23 de noviembre de 2023. Por ello, anunció que estaría impugnando el Informe Social por medio de la perita Ileana Carrión Maldonado.

---

[1] Apéndice 4 del recurso, págs. 25-26.

Así, pues, le solicitó al tribunal que emitiera una orden para que autorizara a la señora Carrión Maldonado a:

   a. Examinar [el] expediente judicial

   b. Examinar [el] expediente social de la Unidad Social

   c. Examinar [el] Informe social forense

   d. Entrevistar a las partes

   e. Entrevistar [a los] colaterales y profesionales entrevistados y/o relacionados a la causa de acción.

   f. Entrevistar a cualquier otra persona que [pudiera] tener información pertinente.[2]

A su vez, peticionó al tribunal que le concediera hasta finales de agosto para realizar el descubrimiento de prueba y hasta el 15 de septiembre de 2023 para notificar el informe pericial al recurrido.[3]

Evaluado lo anterior, el 26 de junio de 2023, el foro primario emitió una *Orden* en la que autorizó a examinar el Informe Social y entrevistar a las partes según su voluntariedad, así como también a los colaterales y profesionales. Además, declaró *Ha Lugar* el término solicitado.

Tras varias incidencias procesales[4], el 11 de agosto de 2023, la parte peticionaria depuso a la trabajadora social, Nayda Díaz López, quien preparó el Informe Social en cuestión. En la referida deposición, la señora Díaz López manifestó que evaluó fotos, copias de mensajes de textos y videos para realizar el referido Informe. En virtud de ello, la parte peticionaria le solicitó a la Trabajadora Social durante la deposición, una lista de todos los mensajes de texto y videos que le proveyeron las partes, con la fecha de cada uno.[5] A su vez, le requirió a la señora Díaz López su *currículum vitae,* las notas de las entrevistas que realizó para preparar el Informe Social y las

---

[2] Apéndice 9 del recurso, pág. 34.
[3] Íd., pág. 35
[4] Precisa señalar que el señor Morales Velázquez acudió a esta Curia mediante un recurso discrecional (KLCE202300836), el cual nos negamos a expedir, mediante el cual solicitó revisión de la *Orden* emitida el 26 de junio de 2023, por el tribunal de instancia.
[5] Apéndice 13 del recurso, pág. 108.

hojas de los informes diarios preparadas durante el periodo que estuvo trabajando el informe.[6] La parte peticionaria aclaró al hacer el referido petitorio que, todo lo redactado en la hojas de informes diarios que no se relacionara al presente caso, se debía de tachar en negro.[7]

Consta del expediente, que el 13 de septiembre de 2023, la parte peticionaria le remitió un correo electrónico a la señora Díaz López. En el mismo, indicó que no había recibido los documentos solicitados durante la deposición. Así, pues, le advirtió que, de no recibir la documentación en el término de diez (10) días, acudiría al tribunal para que ordenara el cumplimiento. Por otra parte, reiteró que se debían tachar todas las entradas en las hojas de informes diarios que no se relacionaran al caso de autos.

En respuesta, el 18 de septiembre de 2023, la Supervisora Auxiliar de la Unidad de Trabajo Social, Maribel García Cotto, instó una *Moción Informativa y en Solicitud de Orden*. En la misma, arguyó que la solicitud de la peticionaria "podría entrar en conflicto con elementos de confidencialidad en el manejo de los casos de la Unidad Social".[8] A su vez, planteó que no había necesidad de producir los documentos requeridos, puesto que el Informe Social contenía todas las preguntas realizadas a los familiares, colaterales y demás personas que fueron entrevistadas, las evaluaciones psicológicas efectuadas a ambos progenitores y las conclusiones de la Perita. Sostuvo, además, que, para impugnar el Informe, bastaba con que la peticionaria presentara prueba y contrainterrogara a la Trabajadora Social. Ante lo expuesto, le solicitó al tribunal que declarara sin lugar la solicitud de la peticionaria.

---

[6] Íd., págs. 73, 76 y 77.
[7] Íd., pág. 79.
[8] Apéndice 16 del recurso, pág. 188.

El 18 septiembre de 2023, la señora Méndez Ramos se opuso a la moción presentada por la Supervisora Auxiliar. En el escrito, expresó que la señora García Cotto no tenía legitimación para objetar la producción de documentos. Ello, esencialmente, porque esta había omitido rubricar el Informe Social. Así, pues, alegó que la moción de la Supervisora fue un intento para avalar el contenido del referido Informe, y subsanar el defecto de no firmar el mismo.

Por otro lado, la peticionaria aseveró que la producción de documentos solicitada no infringía la confidencialidad de ninguna persona, dado a que esta había sido provista por las partes del caso. Además, acentuó que se le había indicado a la Trabajadora Social que tachara en las hojas de informes diarios todo lo que no estuviese relacionado al presente caso. Igualmente, argumentó que la Regla 706 de Evidencia, 32 LPRA Ap. VI, R. 706, establece que se le podrá requerir a la persona perito que revele los hechos y datos en los que basa su opinión. En virtud de lo anterior, le solicitó al tribunal que se tuviese por no puesta la moción presentada por la Supervisora, puesto que esta no tenía legitimación para instar la misma, o que, en la alternativa, la declarara no ha lugar.

Evaluadas las posturas de las partes, el 18 de septiembre de 2023, el foro primario emitió una *Orden* en la cual acogió la recomendación de la Unidad de Trabajo Social. Consecuentemente, no permitió la producción de los documentos solicitados por la peticionaria.

Inconforme, el 17 de octubre de 2023, la señora Méndez Ramos compareció ante nos mediante el presente recurso de *certiorari.* En el mismo, propone los siguientes señalamientos:

> Erró el TPI al negar a la parte demandante que la TS produjera los documentos solicitados en la deposición a pesar de haber autorizado el descubrimiento de prueba con relación a esta y sin que hubiera un fundamento en derecho válido para impedir ese descubrimiento.

Erró el TPI al denegar el descubrimiento amplio y liberal y limitar el mismo provocando un estado de indefensión y coartando el derecho real de impugnar a la trabajadora social con la evidencia que recibió de las partes y utilizó, omitió utilizar o fue selectiva al utilizar en su proceso para emitir recomendaciones que favorecieron al padre. La limitación al descubrimiento impuesta por el TPI sin justificación en derecho viola el derecho a la confrontación de quien impugna el informe social.

Luego de examinar el expediente que nos ocupa, y contando con la postura de la parte recurrida, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ____ (2023); *Medina Nazario v. Mcneil Healthcare LLC,* 194 DPR 723, 728 (2016); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). A su vez, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el

curso de los procesos. *Rivera v. Joe's European Shop,* supra. En lo pertinente, la referida disposición reza como sigue:

> [...] [E]l Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, **en casos de relaciones de familia**, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]
>
> 32 LPRA Ap. V, R. 52.1.

No obstante lo anterior, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

**B**

Por otra parte, es menester señalar que la relación entre padres e hijos está protegida constitucionalmente. Como regla general, los padres ostentan el derecho de velar por el cuido, custodia y control de sus hijos. *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 428 (2018); *Estrella, Monge v. Figueroa Guerra,* 170 DPR 644, 662 (2007); *Rivera v. Morales*, 167 DPR 280, 290 (2006). Por esta razón, se considera que el lugar más idóneo en donde puede estar un niño es en su hogar, junto a sus padres y disfrutando de su compañía. *Pérez, Ex parte v. Depto. de la Familia*, 147 DPR 556, 563 (1999); *Pueblo en interés de los menores R.P.S., et al.,* 134 DPR 123, 134 (1993).

La *custodia* es la tenencia o control físico que tiene un progenitor sobre sus hijos. *Jusino González v. Norat Santiago,* 2023 TSPR 47, 212 DPR ___ (2023). En Puerto Rico, las determinaciones sobre custodia deben guiarse por el bienestar y los mejores intereses del menor. *Íd.; Muñoz Sánchez v. Báez de Jesús*, 195 DPR 645, 651 (2016); *Torres, Ex Parte,* 118 DPR 469, 476 (1987). Se trata de una determinación a la cual los tribunales deben llegar a la luz de un análisis objetivo, sereno y cuidadoso de las circunstancias presentes en el caso. *Jusino González v. Norat Santiago,* supra*; Rivera v. Morales,* supra, pág. 293; *Marrero Reyes v. García Ramírez,* 105 DPR 90, 104-106 (1976).

Por tal razón, un tribunal que dilucida custodia no puede actuar livianamente. De ahí que se le confiere autoridad para citar a todas aquellas personas que, según su criterio, puedan ayudarle. *Peña v. Peña,* 164 DPR 949, 959 (2005). Igualmente, puede ordenar aquellas investigaciones de índole social o evaluaciones psicológicas o psiquiátricas que estime convenientes. *Jusino Gonzalez v. Norat Santiago,* supra; *Rentas Nieves v. Betancourt Figueroa,* supra, pág. 430.

En virtud de lo anterior, la Unidad Social de Relaciones de Familia tiene la responsabilidad ofrecerle al juzgador asesoramiento mediante evaluaciones que le permitan, en el ejercicio de sus funciones, tomar decisiones fundadas en los casos a su consideración. Oficina de Administración de los Tribunales, Circular Núm. 6 del 6 de agosto de 2013, pág. 1; *Muñoz Sánchez v. Báez de Jesús*, supra, pág. 652. La referida responsabilidad se materializa en la preparación de un informe social, el cual es el producto final de la evaluación forense que realiza un trabajador social adiestrado en los casos de familia y asuntos de menores. Ello, para ilustrar al juez de forma objetiva y científica sobre la personalidad del individuo y su entorno familiar. A su vez, el mencionado informe detalla el conocimiento teórico o razonamiento que fundamenta las recomendaciones dadas en el mismo. Circular Núm. 6, *supra*, págs. 8-9.

Ahora bien, cuando un informe preparado por un especialista ha de utilizarse en la resolución de un caso regulando las relaciones de familia, las partes afectadas, así como sus abogados, tienen derecho a examinarlo. Asimismo, el tribunal sentenciador está en la obligación de proveer una oportunidad a las partes para que puedan formular objeciones o presentar prueba en contra de las conclusiones contenidas en el informe. *Rentas Nieves v. Betancourt Figueroa*, supra, págs. 431-432.

Luego de que se ilustra al tribunal sobre el entorno social del menor mediante el informe social, el derecho constitucional que de ordinario tienen los padres para decidir sobre el cuido, la custodia y el control de sus hijos, puede ser limitado en aras del interés apremiante del Estado en proteger el bienestar de los menores. *Íd.*, pág. 428; *Estrella, Monge v. Figueroa Guerra*, supra, pág. 662. Sin embargo, la interferencia con el aludido derecho constitucional debe estar enmarcada dentro de un proceso justo y equitativo. *Hernández*

*v. Secretario*, 164 DPR 390, 395 (2005). Para ello, se debe cumplir con las garantías mínimas del debido proceso de ley, a saber: 1) notificación adecuada del proceso; 2) juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos; 5) examinar la evidencia presentada en su contra; 6) asistencia de abogado y; 7) decisión basada en la prueba presentada en juicio. *Hernández v. Secretario*, supra, págs. 395-396.

De otra parte, en lo pertinente al caso de autos, la Regla 706 de Evidencia, 32 LPRA Ap. VI, R. 706, dispone que la persona perita puede declarar sobre sus opiniones o inferencias y expresar las razones que fundamentan las mismas. Ahora bien, se le podrá requerir a la persona perita que revele los hechos o datos en los que basa sus opiniones o inferencias durante el contrainterrogatorio. Sobre este particular, el tratadista Rolando Emmanuelli Jiménez precisa que, si en el descubrimiento de prueba se indaga sobre la base de la opinión pericial, se podrá estar mejor preparado para contrainterrogar al perito. *Prontuario de Derecho Probatorio Puertorriqueño*, Cuarta Edición, Ediciones Situm, 2015, pág. 454. Igualmente, propone que, a pesar de que la Reglas de Evidencia no exigen que se descubra la base de la opinión pericial para determinar la admisibilidad del testimonio, el referido aspecto es fundamental para establecer el valor probatorio de la evidencia ofrecida. Emmanuelli Jiménez, op. cit., pág. 454.

## C

Finalmente, nuestro estado de derecho reconoce que el descubrimiento de prueba es de carácter amplio y liberal, encontrando su límite en que la materia a descubrirse sea privilegiada y que la misma sea pertinente al asunto que se dilucida. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra*; Alvear Maldonado v. Ernst & Young, LLP,* 191 DPR 921, 925 (2014);

*SLG Valencia v. García García,* 187 DPR 283, 330 (2012). Así, un adecuado proceso de descubrimiento de prueba facilita el correcto trámite del pleito de que trate y evita los inconvenientes, sorpresas e injusticias que surgen cuando alguno de los interesados ignora la realidad del objeto de litigio. *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR ___ (2023). Las reglas que lo delinean, "se basan en el concepto básico de que, antes del juicio, toda parte en la litigación tiene el derecho a obtener el descubrimiento de toda la información que esté en posesión de cualquier persona". *RMCA v. Mayol Bianchi,* 208 DPR 100, 113 (2021); *Alvear Maldonado v. Ernst & Young, LLP,* supra, pág. 925, citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 835.

Ahora bien, aun cuando el descubrimiento de prueba constituye una etapa a completarse previo a las incidencias ordinarias de una audiencia plenaria mediante la activa participación de las partes, los tribunales de justicia tienen el deber de velar porque el mismo no resulte en un proceso abusivo y opresivo. *Alvear Maldonado v. Ernst & Young LLP,* supra, pág. 926. Es en virtud de este llamado que, de ordinario, los tribunales están facultados para expedir las órdenes protectoras que estimen necesarias y así mitigar las consecuencias que se derivan de toda conducta temeraria. Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.2. En lo atinente a la presente causa, la referida disposición, en el inciso aplicable, reza como sigue:

> […]
>
> (b) A solicitud de una parte o de la persona en relación con la cual se utiliza el descubrimiento, presentada mediante moción acompañada, de una certificación indicativa de que esta ha intentado de buena fe resolver la controversia sobre el descubrimiento conforme lo dispuesto en la Regla 34.1 de este apéndice, y por justa causa, el tribunal podrá emitir cualquier orden que requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así

como cualquier molestia o gasto indebido. La orden del tribunal podrá incluir una o más de las medidas siguientes:

(1) Que no se lleve a cabo el descubrimiento.

(2) Que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio.

(3) Que se lleve a cabo el descubrimiento por un método diferente al seleccionado por la parte que lo interesa.

(4) Que no se lleve a cabo el descubrimiento de ciertas materias, que se limite su alcance o que son irrelevantes y no conducen al descubrimiento de evidencia admisible.

(5) Que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal.

(6) Que una deposición, una vez sellada, sea abierta únicamente por orden del tribunal.

(7) Que un secreto comercial u otra información confidencial no sea divulgado que lo sea únicamente por orden del tribunal.

(8) Que las partes presentes simultáneamente, en sobre sellado, determinados documentos o informes para ser abiertos de acuerdo con las instrucciones del tribunal.

[…].

32 LPRA Ap. V., R. 23.2 (b).

La norma reitera que los foros judiciales habrán de asumir un rol más activo en el manejo del descubrimiento de prueba en aquellos casos que involucren cuestiones complejas o que impliquen asuntos de interés público. Por tanto, cuando en el mejor ejercicio de su discreción, los tribunales de justicia consideren meritoria su intervención en las etapas investigativas del pleito, su actuación está completamente legitimada. *Medina v. M.S. & D. Química P.R. Inc.,* 135 DPR 716, 729 (1994).

**III**

La parte peticionaria sostiene que el tribunal incidió al no permitir que se produjera la documentación solicitada. A su vez,

plantea que, al desconocer los fundamentos de la opinión de la Trabajadora Social no podrá prepararse adecuadamente para contrainterrogar e impugnar a la Perita. Por otra parte, asevera que, en virtud de la Reglas de Evidencia, todo perito está obligado a notificar sus hallazgos a las partes.

Aunque reconocemos que los tribunales de instancia tienen amplia discreción en el manejo de los asuntos sobre descubrimiento de prueba, luego de evaluar detenidamente el expediente ante nuestra consideración y entender sobre la controversia de autos, nos es forzoso acoger los argumentos esbozados por la peticionaria, y concluir que el foro primario erró al emitir la determinación que nos ocupa.

En el presente caso, la parte peticionaria le solicitó a la Trabajadora Social, Nayda Díaz López, en la deposición que se le tomó el 11 de agosto de 2023, que produjera una lista de todos los mensajes de texto y videos que le proveyeron las partes, su *currículum vitae*, las notas de las entrevistas que realizó para preparar el Informe Social y las hojas de los informes diarios preparadas durante el periodo que estuvo trabajando el referido informe. La anterior solicitud se realizó con el fin de que la peticionaria pudiese impugnar el contenido del Informe Social.

Según reseñamos, la Regla 706 de Evidencia, *supra*, permite que la persona perito declare sobre sus opiniones e inferencias y exprese las razones que la fundamentan. Sin embargo, la referida Regla expresamente dispone que se le puede requerir al perito que revele durante el contrainterrogatorio los hechos o datos en los que basa las mismas. Para poder realizar un contrainterrogatorio efectivo es esencial que se permita un descubrimiento de prueba sobre dichos hechos y datos en los cuales que basa su opinión.

Conforme a lo anterior, resolvemos que no existía fundamento en ley para que el tribunal no permitiera que se produjera la

documentación solicitada por la parte peticionaria. Más aún, cuando los documentos requeridos no afectaban la confidencialidad de otros casos de la Unidad Social, puesto que la parte peticionaria reiteró en varias ocasiones que se debía tachar en negro todo lo que no se relacionara al presente caso. De otra parte, colegimos que el petitorio de la señora Méndez Ramos no tenía indicios de causar ninguna molestia o perturbación, y que únicamente servía para que pudiese impugnar de manera más efectiva el Informe Social y ayudar al juzgador a determinar el valor probatorio del mismo.

**IV**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones