ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| MATTHEW WINTER<br><br>Recurrido<br><br>v.<br><br>KIMBERLY WINTER<br><br>Peticionaria | KLCE202400666 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Sobre:<br>Divorcio (R.I.)<br><br>Caso Número:<br>RG2024RF00022 |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece Kimberly Winter ("señora Winter" o "Peticionaria") mediante recurso de *Certiorari* y solicita la revisión de la *Orden* notificada el 16 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de Fajardo ("TPI"). Mediante el referido dictamen, el TPI sostuvo su autorización de matricular en un colegio privado al menor, HMW, para comenzar estudios académicos durante el año 2024-2025, según solicitado por su padre, Matthew Winter ("señor Winter" o "Recurrido").

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El 27 de febrero de 2024, el señor Winter presentó ante el TPI una *Demanda* sobre divorcio por la causal de ruptura irreparable en contra de la señora Winter. Además de la disolución del vínculo matrimonial, el señor Winter solicitó que se determinaran los asuntos requeridos por ley con relación al menor, HMW, procreado por las partes durante el matrimonio y quien, al momento, tenía tres (3) años.

El 29 de febrero de 2024, la señora Winter presentó una *Urgente Moción en torno a la Custodia* en la cual solicitó, de manera inmediata, la

Número Identificador
RES2024_____

custodia del menor. Ese mismo día, el TPI dictaminó una *Orden* mediante la cual le concedió a la señora Winter la custodia provisional.

Luego, el 22 de marzo de 2024, el señor Winter presentó una *Urgente Solicitud de Intervención del Tribunal*. El Recurrido afirmó que, deseaba que el menor contara con atención escolar y un grupo de niños con quien socializar. Ante ello, solicitó autorización del TPI para matricular a HMW en un colegio privado ubicada en Guaynabo. El señor Winter añadió que, el hijo mayor de la señora Winter, quien no es hijo biológico del Recurrido, asistía a la misma institución académica.

En oposición, el 27 de marzo de 2024, la señora Winter adujo que, debido a que no manejaba en Puerto Rico y, a consecuencia de que el señor Winter la dejó desprovista de los choferes quienes transportaban a su hijo mayor desde Río Grande hasta Guaynabo, no contaba con los medios para llevar al menor a la escuela solicitada. Asimismo, se opuso a la matrícula del menor debido a la distancia entre la referida institución y su hogar. Por otra parte, alegó que era posible auscultar otras opciones para que el menor socializara con otros niños.

Ese mismo día, el señor Winter replicó la oposición presentada por la señora Winter. En síntesis, el Recurrido sostuvo que, la Peticionaria contaba con un vehículo a su disposición y licencia de conducir, no obstante, por decisión propia, no conducía. A su vez, expresó que, a pesar de que la señora Winter propuso otras opciones para que el menor socializara, no presentó ninguna.

El 1 de abril de 2024, la señora Winter presentó una *Contestación a Demanda, Reconvención y Demanda Contra Terceros*. En lo aquí pertinente, la señora Winter solicitó la custodia del menor y el traslado de jurisdicción a los Estados Unidos. Durante ese día, el TPI emitió una Orden, notificada el 4 de abril de 2024, mediante la cual ordenó a la Unidad Social del Tribunal a llevar a cabo un estudio social sobre custodia compartida y relaciones paterno-filiales. Posteriormente, la referida *Orden* fue

enmendada, a los efectos de incluir la relocalización del menor como parte del estudio social.

El 2 de abril de 2024, el TPI emitió una *Orden*, mediante la cual declaró *Ha Lugar* la petición instada por el señor Winter y, en efecto, autorizó la matrícula del menor para el año académico 2024-2025 en la escuela solicitada.

Insatisfecha, el 8 de abril de 2024, la señora Winter presentó una solicitud de *Reconsideración*. En esta, la Peticionaria le solicitó al foro primario autorización para brindarle al menor *"home schooling"* hasta que se dilucidaran las cuestiones sobre la custodia. En la alternativa, solicitó que el TPI se reservara la determinación sobre la matrícula hasta una fecha más cercana al inicio de clases.

El 9 de abril de 2024, el señor Winter presentó su oposición a la reconsideración. El Recurrido adujo que, el foro primario no debía reservarse la determinación para una fecha posterior. Asimismo, arguyó que, mientras se dilucidan las controversias ante el TPI, el menor no debe ser privado de la oportunidad de asistir a la escuela y de participar en actividades extracurriculares. Finalmente, sostuvo que, la matrícula del menor en la referida escuela no impide a la señora Winter, de prevalecer en su petición de relocalización, matricular a HMW en otra escuela.

Así las cosas, el 10 de abril de 2024, el TPI dictaminó una *Orden* en la cual denegó la solicitud de reconsideración instada por la señora Winter. El 8 de mayo de 2024, la señora Winter presentó una *Urgente Moción en relación a Orden de Ingreso del Menor HW al Colegio*. La Peticionaria sostuvo que, al recibir la aceptación del menor en la escuela, advino en conocimiento de que, este cursaría el grado de "Pre-Pre-Kinder", en lugar de "Pre-Kinder", como previamente había entendido. Además, señaló que, como parte del proceso de entrada, el colegio le requería a HMW asistir a un campamento durante el mes de junio, en horario de 8:30am a 2:45pm. Adujo que, el menor era muy pequeño e inmaduro para comenzar la estructura escolar. Por otra parte, alegó que el colegio le había requerido

firmar un documento asumiendo responsabilidad económica de HMW, en su totalidad.

El 15 de mayo de 2024, el señor Winter presentó su *Oposición a "Urgente Moción en relación a Orden de Ingreso del Menor HW al Colegio*. En resumidas cuentas, el Recurrido arguyó que, desde el 5 de abril de 2024, la Peticionaria conocía que el menor cursaría el "Pre-Pre-Kinder". Para sustentar su alegación, el señor Winter anejó un correo electrónico remitido a ambas partes por la representante de la escuela, mediante el cual se les indicó que HMW sería evaluado para ingresar el "Pre-Pre-Kinder". De igual manera, arguyó que, el menor, quien cumpliría cuatro (4) años el 11 de agosto de 2024, nunca había sido expuesto a un ambiente en donde tuviera la oportunidad de relacionarse con otros niños de su edad. Alegó, además, que, desde febrero de 2024 había pagado la matrícula del hijo mayor de la Peticionaria y que, continuaría cubriendo los gastos relacionados a la educación de ambos menores de edad.

Atendidas las posturas de las partes, el 16 de mayo de 2024, el TPI emitió una *Orden* y sostuvo su determinación de matricular al menor en el colegio, incluyendo su asistencia al campamento de verano en el mes de junio.

Inconforme, el 14 de junio de 2024, la señora Winter acudió ante esta Curia mediante recurso de *Certiorari* y solicitó la revisión de la *Orden* dictada el 16 de mayo de 2024. La Peticionaria le imputó al TPI la comisión de los siguientes errores:

> **Erró el Honorable Tribunal de Primera Instancia al ordenar que el menor de 3 años y medio de edad, hijo de las partes, sea matriculado en el semestre escolar 2024-2025 para el grado de "Pre-Pre-Kinder" en un colegio privado el [sic] Municipio de Guaynabo, pese a que la parte Demandada-Peticionaria presentó objeción al considerar que el menor es muy pequeño e inmaduro para comenzar la estructura formal escolar.**

> **Erró el Honorable Tribunal de Primera Instancia al ordenar la matrícula del menor de 3 años y medio de edad, en una [sic] colegio privado en la ciudad de Guaynabo, Puerto Rico, a solicitud de la parte Demandante-Recurrida, sin considerar la alternativa de educación en el hoja/"home schooling" presentada por la parte Demandada-Peticionaria y sin celebrar una vista evidenciaria que le permita al**

**tribunal contar con la información idónea para tomar una decisión determinación [sic] en cuanto a cuál será el método de educación idóneo para el menor, entiéndase, el método tradicional de enseñanza o mediante "home schooling".**

El 24 de junio de 2024, el señor Winter presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

## -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones

de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle*

*Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III.**

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

La señora Winter solicita que revisemos el dictamen del TPI mediante el cual sostuvo su determinación de matricular al menor en la escuela, HMW, para que comenzara a cursar estudios en el año académico 2024-2025. Conforme surge, la señora Winter solicitó la custodia del menor y su relocalización. No obstante, las referidas solicitudes aún no han sido resueltas por el foro primario y el correspondiente estudio social no ha sido completado. En caso de que la señora Winter prevalezca en sus peticiones, la matrícula del menor en la escuela y el comienzo de su formación académica no impiden su posible relocalización. La vida de HMW no puede ser paralizada mientras su futuro es dilucidado por el Tribunal.

Cabe destacar que, todo conflicto entre los intereses de otros y el mejor interés del menor debe resolverse a favor del menor. *Ortiz v. Meléndez,* 164 DPR 16, 28 (2005); *Muñoz Sánchez v. Báez de Jesús,* 195 DPR 645, 651 (2016). Asimismo, la jurisprudencia exige que los tribunales deben regir su deber de *parens patriae* en beneficio del bienestar y mejor

interés del menor. Por todo lo cual, acordamos no intervenir con el ejercicio de discreción efectuado por el TPI.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones